## The SUPREME COURT COMMITTEE ON PROFESSIONAL CONDUCT *v.* GUY HAMILTON JONES, Sr.

73-121                                        499 S.W. 2d 619

October 8, 1973

### PER CURIAM

Now on this day, the above styled cause comes on for hearing and is considered by the court on the pleading filed by respondent, Guy Hamilton Jones, Sr., on July 30, 1973, and the Reply filed to such pleading by the Supreme Court Committee on Professional Conduct on September 9, 1973.

Respondent, in his Response, avers that there are unrique, extenuating and mitigating facts and circumstances that would bear on whether petitioner's petition should be granted, and that he should be given the opportunity to present evidence to establish such circumstances.

After due consideration of the pleadings filed by both petitioner and respondent, it is the opinion of the court that the request of respondent should be granted, limited, however, as hereinafter set out. Under Paragraph 11, in Sub-sections A, C, and D, respondent mentions matters which relate only to the charges against him, and his conviction in the United States District Court for the District of Arkansas (Eastern District, Western Division), and these allegations, referring only to matters that have already been adjudicated and disposed of, are not considered proper subjects for further testimony. In other words, it is not the intent of this order to permit any evidence relating to the issues there concluded.

Respondent may offer evidence under Sub-sections B, E, F, G, H, I, and J, which might be deemed pertinent to the issue of mitigation.

It is, therefore, the order of this court that respondent, Guy Hamilton Jones, Sr., be permitted to offer evidence on the matters set out under the sub-sections hereto-

fore mentioned, but he is not permitted ot offer any evidence under Sub-sections A, C, and D.

For the purpose of conducting such a hearing, W. D. Murphy, an Attorney of Batesville, is hereby named as Master of this court and said Master is authorized and directed to take testimony offered by respondent, and to take testimony offered in opposition thereto by The Supreme Court Committee on Professional Conduct in an open and public hearing, each side to be represented by counsel who shall have the full right to examine and cross-examine as in any trial in a court of law or equity. Said hearing shall be conducted in a location or locations convenient to the Master, shall be reported by a competent reporter selected by the Master, and shall be concluded not later than sixty days from the entry of this order. At the conclusion of the hearing, said reporter shall transcribe the testimony and a record of same shall be filed with this court by the Master.

Thereafter, briefs shall be filed in accordance with Rules 7 and 9 of this court, respondent Guy Hamilton Jones, Sr., filing in accordance with Sub-section (a) of Rule 7, petitioner, The Supreme Court Committee on Professional Conduct, filing in accordance with (b), and respondent being permitted to file reply brief in accord with Sub-section (c).

Costs will be adjudged as in chancery court.

It is so ordered.

Justice Byrd would permit a proffer of what respondent wished to show under Sub-sections A, C, and D of Paragraph 11.